**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **CARNELL MITCHELL, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 7:26-cv-00057-WLS-CHW** |
| | : | |
| **Agent MELVIN RAY, *et al.*,** | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| **Defendants.** | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |

## ORDER

*Pro se* Plaintiff Carnell Mitchell, Jr. filed a complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). ECF No. 2. On April 29, 2026, the Court ordered Plaintiff to provide a certified copy of his inmate account statement in support of his motion to proceed IFP. ECF No. 7. Plaintiff then filed a "motion to compel" in which he requests that this Court "stay" its order to provide an account statement due to delays in procuring one from prison officials. ECF No. 9. However, the Court has received Plaintiff's account statement. ECF No. 10. Therefore, Plaintiff's motion to compel (ECF No. 9) is **DENIED** as moot.

As for Plaintiff's request to proceed IFP, it appears Plaintiff is unable to pay the cost of commencing this action. *See* ECF No. 10. Therefore, his application to proceed IFP (ECF No. 2) is hereby **GRANTED**. However, even if a prisoner is allowed to proceed IFP, he must pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the complaint.   28 U.S.C. § 1915(b)(1).

A review of Plaintiff's account certification shows that in the month that he has been incarcerated at Georgia Diagnostic and Classification Prison, Plaintiff had total deposits of $125.00.   ECF No. 10 at 2.   Twenty percent of $125.00 is $25.00.   Accordingly, it is hereby **ORDERED** that Plaintiff pay an initial partial filing fee of $25.00.

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below.   It is accordingly **DIRECTED** that the **clerk of court** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.   The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

I.      Directions to Plaintiff's Custodian

It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.   In accordance with the provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward

payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.      Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

In conclusion, Plaintiff's motion to compel (ECF No. 9) is **DENIED**, his motion to proceed IFP (ECF No. 2) is **GRANTED**, and Plaintiff is **ORDERED** to pay an initial partial filing fee of $25.00. While Plaintiff's custodian is ordered to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBLITY** to pay the initial partial filing fee. Thus, Plaintiff must make arrangements to ensure that the initial partial filing fee is paid in accordance with this Order. Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required initial

partial filing fee to the clerk of court.    Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above.    Plaintiff's failure to pay the initial partial filing fee can result in the dismissal of this action.    Plaintiff shall keep the Court informed of any future address change and his failure to do so can result in the dismissal of this action.

**SO DIRECTED and ORDERED**, this 8th day of June, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge